UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>          Plaintiff,<br><br>   v.<br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY,<br><br>          Defendant. | Case No. 21-cv-02602-BLF<br><br>**ORDER PERMITTING PLAINTIFF TO PROCEED UNDER PSEUDONYM; GRANTING MOTIONS TO SEAL**<br><br>[Re: ECF No. 35, 48] |

This order concerns two related matters in this case: (1) whether to permit Plaintiff to proceed pseudonymously and (2) whether to seal portions of materials that would reveal Plaintiff's identity. The Court addresses these issues in turn.

**I.　PROCEEDING PSEUDONYMOUSLY**

Plaintiff filed this action in state court under a pseudonym but has not moved to proceed pseudonymously in this court. Plaintiff has stated in court filings that he desires to proceed pseudonymously due to harassment and discrimination he has received as a transgender man.

"In this circuit, we allow parties to use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000). To test whether use of a fictious name is appropriate, courts ask whether "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068.

Here, Defendant has not objected to Plaintiff proceeding pseudonymously. And "[s]everal courts . . . have held that an individual's transgender identity can carry enough of a social stigma to overcome the presumption in favor of disclosure." *Meriwether v. Trustees of Shawnee State*

*Univ.*, No. 1:18-CV-753, 2019 WL 2392958, at *2 (S.D. Ohio Jan. 30, 2019) (internal quotations omitted) (collecting cases). In the absence of any indication of unfairness to Defendant, Plaintiff may continue to proceed pseudonymously to avoid potential harassment and discrimination. *Cf. Doe v. Roblox Corp.*, 602 F. Supp. 3d 1243, 1251 n.1 (N.D. Cal. 2022) (permitting plaintiff to proceed pseudonymously "to avoid potential embarrassment" where there was no indication of unfairness to defendant, despite failure to file motion).

## II. MOTIONS TO SEAL

Before the Court are two motions to seal materials submitted with the parties' briefing on Defendant's motion for summary judgment. The first seeks to seal a video submitted with Defendant's motion for summary judgment. *See* Mot. I, ECF No. 35. The second seeks to redact instances of Plaintiff's name in three documents submitted with Defendant's reply. *See* Mot. II, ECF No. 48. Plaintiff has submitted statements in support of each motion. Statement I, ECF No. 40; Statement II, ECF No. 49.

For the reasons discussed below, both motions are GRANTED.

### A. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," however, are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to

2

1    court records attached only to non-dispositive motions because those documents are often

2    unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal

3    the documents attached to such motions must meet the lower "good cause" standard of Rule

4    26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard

5    requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the

6    information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,

7    1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated

8    by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins.

9    Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

### B. DISCUSSION

The motions to seal concern documents submitted with the briefing on Defendant's motion for summary judgment. The Court reviews the motions to seal under the "compelling reasons" standard because a motion for summary judgment is more than tangentially related to the merits of the case. *See Ctr. for Auto Safety*, 809 F.3d at 1099.

Both motions seek to seal information that would reveal Plaintiff's identity. The first seeks to seal a short video of Plaintiff in which he says his name, and the second seeks to redact Plaintiff's name in three documents. Plaintiff requests that the Court seal this material to "maintain the confidentiality of Plaintiff's transgender identity and his medical history of transitioning." Statement I, at 3; Statement II, at 3. Plaintiff asserts that sealing is appropriate here because there remains a social stigma associated with transgender identity and sealing will protect him from harassment. Statement I, at 2; Statement II, at 2.

The Court finds compelling reasons to seal the materials at issue because Plaintiff's need for anonymity outweighs the public's interest in knowing the Plaintiff's identity. *Cf. Kamakana*, 447 F.3d at 1179 (the court must "conscientiously balance[ ] the competing interests" of the public and the party who seeks to keep certain judicial records secret"); *cf. also Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 993 (N.D. Cal. 2015) ("[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's

identity."). As noted above, "[s]everal courts . . . have held that an individual's transgender identity can carry enough of a social stigma to overcome the presumption in favor of disclosure." *Meriwether*, 2019 WL 2392958, at *2 (internal quotations omitted) (collecting cases). Here, Plaintiff avers that he has an interest preventing disclosure of his identity due to this stigma so that he may avoid harassment. *See* Statement I, at 2-3; and Statement II, at 2-3. In the absence of any opposition, the Court finds that Plaintiff has provided compelling reasons to seal the materials he seeks to seal and has narrowly tailored his request to sealable materials. Accordingly, the motions to seal are GRANTED.

| ECF or Ex. No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| Ex. F to Rivera Decl.[1] | Video | Entirety | Granted as reflecting Plaintiff's identity, the disclosure of which would result in harassment. |
| Ex. B to Rosenquist Decl.[2] | Plaintiff's Resume | Portions of document stating plaintiff's name | Granted as reflecting Plaintiff's identity, the disclosure of which would result in harassment. |
| Ex. C to Rosenquist Decl. | Email produced by Plaintiff as PROGRESSIVE000472-73 | Portions of document stating plaintiff's name | Granted as reflecting Plaintiff's identity, the disclosure of which would result in harassment. |
| Ex. D to Rosenquist Decl. | Email produced by Plaintiff as Plaintiff in discovery as PROGRESSIVE000498-499 | Portions of document stating plaintiff's name | Granted as reflecting Plaintiff's identity, the disclosure of which would result in harassment. |

---

[1] The Rivera Declaration and all associated exhibits were filed under seal as a single document at ECF No. 34-1.
[2] The Rosenquist Declaration and all associated exhibits were filed under seal as a single document at ECF No. 46-1. A public redacted version of this document is available at ECF No. 50-1.

United States District Court
Northern District of California

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff may proceed pseudonymously as John Doe.
2. The motion to seal filed at ECF No. 35 is GRANTED.
3. The motion to seal filed at ECF No. 48 is GRANTED.

Dated: August 21, 2023

_____
BETH LABSON FREEMAN
United States District Judge